THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**FLYNN RICHARD COBB, JR., #15054**                                                   **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO.  5:07-cv-198-DCB-MTP**

**ADAMS COUNTY SHERIFF'S OFFICE, et al.**                                       **DEFENDANTS**

ORDER

Plaintiff, an inmate of the Mississippi Department of Corrections, filed this conditions of confinement complaint pursuant to 42 U.S.C. § 1983.  Upon review of the complaint, the Court has determined that additional information is needed from the Plaintiff.

The named defendants are the Adams County Sheriff's Office, Sheriff Ronnie Brown and Jailer Charles Harrigill.  Plaintiff is advised that in order to maintain an action pursuant to 42 U.S.C. § 1983, the Plaintiff must allege that a person acting under color of state law deprived him of a right secured by the Constitution or other law of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). Under state law, the county sheriff's department is an extension of the county rather than a separate legal entity that may be named as a party in an action.  The Plaintiff will be provided an opportunity to clarify the named defendants in this cause and provide additional information regarding his claims.  Accordingly, it is hereby,

ORDERED:

1. That on or before December 27, 2007, Plaintiff shall file a written response to:

(a) specifically state if the Plaintiff is naming Adams County as a Defendant, if so, specifically state how Adams County violated Plaintiff's constitutional rights;

(b) specifically state whether he is alleging a specific policy or custom of Adams County;

(c) if the answer to "(b)" is yes, Plaintiff should state specific allegations of a policy or custom of Adams County that violated his constitutional rights;

(d) specifically state how defendant Brown violated Plaintiff's constitutional rights;

(e) specifically state how defendant Harrigill violated Plaintiff's constitutional rights; and

(f) specifically state what injury, if any, Plaintiff has suffered as a result of the defendant's alleged actions.

2. **That failure to advise this Court of a change of address or failure to timely comply with any order of this Court will be deemed as a purposeful delay and contumacious act by the Plaintiff and may result in this cause being dismissed without further notice to the Plaintiff.**

3. That the Clerk of Court is directed to mail a copy of this order to the Plaintiff at his last known address.

THIS the 6th day of December, 2007.

           s/Michael T. Parker
           UNITED STATES MAGISTRATE JUDGE