IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FLYNN RICHARD COBB, JR.                                              PLAINTIFF

VERSUS                                        CIVIL ACTION NO. 5:07cv198-MTP

ADAMS COUNTY, et al.                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Defendants' Motion for Summary Judgment [22]. Having reviewed the submissions of the parties, the entire record in this case and the applicable law, for the reasons set forth below the court finds that the motion is well-taken and should be granted and that Plaintiff's claims against Defendants should be dismissed with prejudice.[1]

## Factual Background

Plaintiff Flynn Richard Cobb, Jr. filed suit *pro se* on October 18, 2007, pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff asserts that on December 23, 2006, while in the custody of the Adams County Jail, Plaintiff received a broken jaw but that he did not receive medical attention until December 28, 2006.[2] Plaintiff alleges that he notified Sergeant Laura Smith (not a defendant in this action) multiple times about his jaw but that his complaints were ignored and he was placed in a lockdown cell from December 23 until December 28, 2006, at which point he was taken to the hospital. A review of Plaintiff's medical records shows that

---

[1] The parties having consented to disposition by the Magistrate Judge and the District Judge having entered an Order of Reference [20], the court is authorized to enter final judgment pursuant to 28 U.S.C. § 636 (c)(1), Fed. R. Civ. P. 73 and Local Rule 73.1.

[2] At that time, Plaintiff's supervised release (on a conviction for burglary) had been revoked and Plaintiff was awaiting transport to the Mississippi Department of Corrections. *See* Exh. D to Motion for Summary Judgment. Plaintiff is currently incarcerated at South Mississippi Correctional Institution in Leakesville, Mississippi ("SMCI").

1

when Plaintiff complained of jaw pain on December 23, 2006, he was given 800 mg of Ibuprofen, and was again given Ibuprofen on December 24, 25, 26 and 27, 2006. *See* Exh. F to Motion for Summary Judgment. On December 28, 2006, Plaintiff was taken to Natchez Regional Medical Center[3] and was diagnosed with a mandible fracture and prescribed antibiotics and pain medication. Plaintiff alleges that the prescriptions were not filled and that he was placed in a holding cell until the following day, when he was transferred into MDOC custody. *See* Complaint [1] at 5; ecf. doc. no. 27-2 at 2-4.

Based on the foregoing, Plaintiff asserts a claim for denial/delay of medical treatment against Adams County,[4] as well as Ronnie Brown, Sheriff of Adams County, and Charles Harrigill, Adams County Jail Administrator. In a Response [8] to court order, Plaintiff clarified that his claim against Defendants Harrigill and Brown is in their official capacities, stating that Sheriff Brown violated Plaintiff's rights by "not acting on an emergency complaint involving him recieving [sic] immediate medical attention," and that Administrator Harrigill violated Plaintiff's rights by failing "to properly adhere to policy and proceder [sic] and "failing to initiate immediate medical attention." See Response [8]; see also Scheduling and Case Management Order [19] at 2.

---

[3] Plaintiff alleges in his Complaint that he was taken to Jefferson-Davis Memorial Hospital; however, hospital records attached to Defendants' Motion for Summary Judgment indicate that Plaintiff was taken to Natchez Regional Medical Center. *See* Exh. G to Motion for Summary Judgment.

[4] Plaintiff listed the Adams County Sheriff's Office as a Defendant on the first page of his Complaint. Thereafter, the court entered an Order [7] advising Plaintiff that the Sheriff's Office is not a separate legal entity that can be sued, and directing Plaintiff to clarify if he was naming Adams County as a defendant. In his Response [8] to the Order, Plaintiff clearly stated that he was naming Adams County as a Defendant.

Summary Judgment Standard

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  Summary judgment is proper  "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988).  "A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Id.*

This court may grant summary judgment only if, viewing the facts in a light most favorable to the plaintiff, the defendant demonstrates that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995).  If the defendant fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. State of Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985).  The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must  "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* at 712 (quoting *U.S. Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir. 1975)).

There must, however, be adequate proof in the record showing a real controversy regarding material facts.  "Conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 902 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir.

1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), is not enough to create a real controversy regarding material facts. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

Analysis

"Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't of Criminal Justice*, 91 Fed. Appx. 963, 964 (5th Cir. Mar. 19, 2004), *cert. denied*, 543 U.S. 864 (2004), (*citing Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). The Fifth Circuit has noted that deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (*quoting Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). An official acts with deliberate indifference only when he or she knows of and disregards an excessive risk to a prisoner's health or safety. *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999) (citations omitted).

To successfully make out a showing of deliberate indifference, plaintiff must "submit evidence that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Davidson*, 91 Fed. Appx. at 965 (*quoting Domino*, 239 F.3d at 756). "Unsuccessful medical treatment, ordinary acts of negligence, or medical malpractice do not constitute a cause of action under § 1983." *Davidson*, 91 Fed. Appx. at 965

4

(*citing Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999)). Additionally, a prisoner's mere disagreement with the treatment he received will not stand as a basis for § 1983 liability, absent extraordinary circumstances. *Id.* (*citing Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995)). Further, "[d]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference [that] *results in substantial harm*." *Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006) (emphasis added) (citation omitted).

Plaintiff has stated that his claims against the individual Defendants - Sheriff Brown and Jail Administrator Harrigill - are in their official capacities. "For purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents." *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987) (citations omitted). The Supreme Court has held that in order for a local governmental entity to have liability under Section 1983, a plaintiff must prove that a policy, custom or practice of that local government entity was the "moving force" behind the constitutional violation. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). Specifically, a plaintiff must show the existence of a policy, practice or custom of Adams County "adopted or maintained with objective deliberate indifference to [his] constitutional rights," and he must show that such policy proximately caused the constitutional deprivation of which he complains. *See Grobowski v. Jackson Cty. Public Defenders Office*, 79 F.3d 478, 479 (5th Cir. 1996) (*per curiam*) (citations omitted).

In the instant case, it is undisputed that at all relevant times there was a "Sick Call and Medical Procedures" policy in place at the Adams County Jail. *See* ecf. doc. no. 27-2 at 1. The policy states that in order to comply with the U.S. Constitution, the following procedures, *inter alia*, have been adopted: a county physician has been appointed to conduct sick call visits; sick

5

calls shall be requested by the inmates and conducted at certain set times, with the exception of emergencies; jailers are to notify the Jail Administrator...in all cases of a medical emergency," who will then contact the county physician "and act on his instructions"; and it is the jailer's responsibility to ensure that prescribed medications are dispensed exactly as prescribed. Plaintiff does not allege that this policy was adopted or maintained with deliberate indifference, and he does not point to any aspect of this policy that he alleges is constitutionally deficient. Nor does Plaintiff allege that there is any other policy, custom or practice of Adams County that was the "moving force" behind the alleged denial/delay of medical treatment. As such, his claims against Defendants must be dismissed.

In response to the motion for summary judgment, Plaintiff argues that Sergeant Smith's failure to obtain the advice of the county physician in determining that his condition was not an emergency constituted deliberate indifference.[5] Even if that were true, however, it would not be sufficient to establish liability on the part of Defendants, as Sergeant Smith is not a defendant in this action, and it is is well-settled that Section 1983 does not "create supervisory or *respondeat superior* liability." *Oliver v. Scott,* 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) ("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability.") (citations omitted);

---

[5] In an affidavit submitted by Defendants in support of their Motion for Summary Judgment, Sergeant Smith states that during December 2007, Plaintiff complained to her of jaw pain, and that after she reported this to the floor jailers, Ibuprofen was administered to Plaintiff. Sergeant Smith avers that she had no reason to believe that Plaintiff had a serious medical condition or that he needed any additional, immediate medical attention. Nevertheless, Sergeant Smith had Plaintiff moved to a holding cell for observation, and she also reported his complaint to her supervisor, Defendant Harrigill. Sergeant Smith avers that had she believed that Plaintiff needed emergency medical attention, she would have taken action to insure he received it. *See* Exh. E to motion for summary judgment.

*Jolly v. Klein*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) (*citing Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)) ("To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant.").

Finally, Plaintiff has failed to establish that alleged delay in medical treatment caused him substantial harm and for that reason as well, his claims should be dismissed. *See*, *e.g.*, *O'Bryant v. Culpepper*, 214 F.3d 1350, at * 1 (5th Cir. 2000) ("Although [plaintiff] was injured on a Saturday and did not receive treatment until the following Tuesday, he cannot show that the delay in treating his injury caused substantial harm."); *Hines v. Cain*, 2007 WL 891880, at * 12 (E.D. La. Mar. 20, 2007) (dismissing claim where delay in treatment "did not cause 'a lifelong handicap or permanent loss' sufficient to constitute a serious medical need for constitutional purposes") (citations omitted).

IT IS , THEREFORE, ORDERED AND ADJUDGED that Defendants' Motion for Summary Judgment [49] is granted and Plaintiff's claims are dismissed with prejudice. A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

IT IS FURTHER ORDERED AND ADJUDGED that all other pending motions, if any, are dismissed as moot.

SO ORDERED AND ADJUDGED on this the 24th day of March, 2009.

s/ Michael T. Parker
United States Magistrate Judge